IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO._____ |
| LIGHT UP THE SKY d/b/a SPORTING CLUB HOUSTON; EDWARD WIELENGA, INDIVIDUALLY AND a/n/f OF A.W., A MINOR AND JANNETT WIELENGA INDIVIDUALLY, a/n/f/ OF A.W., A MINOR, AND AS REPRESENTATIVE OF THE ESTATE OF MICHAEL WIELENGA, DECEASED | § § § § § § § § § § § § § § | |
| *Defendants*. | § | |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Aspen Specialty Insurance Company ("Aspen"), pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and Rule 57 of the Federal Rules of Civil Procedure, brings this Original Complaint for Declaratory Judgment against Defendants, Light Up the Sky, LLC, Jannet Wielenga, both Individually and a/n/f of A.W., A Minor, and as Representative of the Estate of Michael Wielenga, Deceased, and Edward Wielenga, both Individually and a/n/f of A.W., a Minor, and would show the Court as follows:

### I. NATURE OF THE ACTION

1. This is an action seeking declaratory relief pursuant to Fed. R. Civ. Proc. 57 and 28 U.S.C. § 2201, et seq. to resolve an actual controversy between Plaintiff and

Defendants. Aspen seeks a determination of the rights and obligations of the parties under a policy of insurance Aspen issued to Light Up the Sky, LLC, with respect to a lawsuit involving claims filed by Edward and Jannet Wielenga against Light Up the Sky, LLC, among others, arising from the death of Michael Wielenga.

## II.   PARTIES

2. Plaintiff, Aspen, is a corporation organized under North Dakota law with its principal place of business in Connecticut, and doing business in Texas issuing insurance contracts in Texas as surplus lines coverage pursuant to the Texas Insurance statutes. Thus, it is a citizen of North Dakota and Connecticut for diversity purposes.

3. Light Up the Sky, LLC is a corporation organized under Texas law with its principal place of business at 3210 West Dallas Street, Houston, Texas 77019-3803. As set forth below, Light Up the Sky, LLC, each of its members, and all of the members of those members were formed or incorporated in Texas and have their principal places of business in Texas or are domiciled in Texas, and are thus citizens of Texas for diversity purposes. Therefore, Light Up the Sky, LLC is a citizen of Texas for purposes of diversity jurisdiction. Service of process can be made on Light Up the Sky, LLC by delivery of process to its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

4. Light Up The Sky, LLC's three members are: 10TH Gear Investments LLC, Atomic Punk LLC, and Aventador 34 LLC. All three are citizens of Texas for diversity purposes.

5. 10TH Gear Investments LLC's state of incorporation is Texas. 10TH Gear Investments LLC's principal place of business is 211 Stratford Street, Houston, Texas 77006-3219. It is a citizen of Texas for diversity purposes. 10TH Gear Investments LLC's

sole member is Dan Wierck. Dan Wierck's domicile is 3210 West Dallas Street, Houston, Texas 77019-3803. He is a citizen of Texas for diversity purposes.

6. Atomic Punk LLC's state of incorporation is Texas. Atomic Punk LLC's principal place of business is P.O. Box 190328, Dallas, Texas 75219. It is a citizen of Texas for diversity purposes. Atomic Punk LLC's sole member is Jonathan Valz. Jonathan Valz's domicile is 3130 North Harwood Street, Apartment 2307, Dallas, Texas 75201-1139. He is a citizen of Texas for diversity purposes.

7. Aventador 34 LLC's state of incorporation is Texas. Aventador 34 LLC's principal place of business is P.O. Box 190328, Dallas, Texas 75219. It is a citizen of Texas for diversity purposes. Aventador 34 LLC's sole member is Frederico F. Taylor. Frederico F. Taylor's domicile is 3609 Springbrook Street, Dallas, Texas 75205-4338. He is a citizen of Texas for diversity purposes.

8. Jannet Wielenga is an individual domiciled in Wallis, Austin County, Texas, and is a citizen of Texas for diversity purposes. Service of process can be made on Jannet Wielenga by serving her at her domicile: 5503 Commerce Street, Wallis, Austin County, Texas 77485-9551. Jannet Wielenga is named as a defendant herein both Individually and a/n/f of A.W., A Minor, and as Representative of the Estate of Michael Wielenga, Deceased.

9. Edward Wielenga is an individual residing in Wallis, Austin County, Texas, and is a citizen of Texas for diversity purposes. Service of process can be made on Edward Wielenga by serving him at his domicile: 5503 Commerce Street, Wallis, Austin County, Texas 77485-9551. Edward Wielenga is named as a defendant herein both Individually and a/n/f of A.W., a Minor.

### III.     JURISDICTION AND VENUE

10. This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because all Defendants are citizens of different states than Plaintiff, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the alleged events or omissions giving rise to the claim and/or controversy occurred, i.e., the motor vehicle accident forming the basis of the Underlying Lawsuit, as well as the district in which the Underlying Lawsuit is pending, and under 28 U.S.C. § 1391(b)(1) because Light Up the Sky, LLC is a resident of, and/or has its principal place of business in, this district, and all Defendants are residents of Texas.

### IV.     BACKGROUND & FACTS

12. Aspen issued policy no. CR00NHL21 to Light Up the Sky, LLC (the "Policy").[1]

13. Edward and Jannet Wielenga (the "Underlying Plaintiffs") filed the Underlying Lawsuit arising from the death of Michael Wielenga in a motor vehicle accident in the 127th Judicial District Court of Harris County, Texas.[2] Light Up the Sky, LLC was named a defendant to the Underlying Lawsuit in Plaintiff's First Amended Petition, filed on January 15, 2023.

---

[1] A true and correct copy of the *Policy* is attached hereto and fully incorporated herein as **Exhibit A**.
[2] Cause No. 2022-37122; *Edward Wielenga, Individually and a/n/f of A.W., a Minor and Jannet Wielenga, Individually and a/n/f of A.W., A Minor, and as Representative of the Estate of Michael Wielenga, Deceased v Christian Gaulke, et al.,* in the 127th Judicial District Court of Harris County, Texas (the "**Underlying Lawsuit**").

4

14. On April 19, 2023 the Underlying Plaintiffs filed their Motion for Default Judgment Against Defendant Light Up The Sky, LLC d/b/a/ Sporting Club Houston ("Motion for Default"). In the Motion for Default the Underlying Plaintiffs alleged that Light Up The Sky, LLC had been properly served with the First Amended Petition on January 26, 2023 but failed to answer or appear in the Underlying Lawsuit.

15. On May 23, 2023, the Judge in the Underlying Lawsuit, Ravi K. Sandill, signed the Order On Plaintiffs' Motion For Default Judgment Against Defendant Light Up The Sky, LLC D/B/A Sporting Club Houston, which was entered the same day ("Order of Default").[3] The Order of Default recites, in part, that the Underlying Plaintiffs' claims against Light Up The Sky, LLC are deemed admitted and that Light Up The Sky, LLC's affirmative defenses, if any, are waived.

16. Aspen was not made aware of the Underlying Lawsuit until September 8, 2023 – three and a half months after the Order of Default was entered. The live pleadings were never forwarded to Aspen, only the Motion for Default, and only months after the Order of Default was signed and entered.[4] The September 8, 2023 email from insurance broker CRC Group attaches another email dated August 2, 2023 which CRC erroneously refers to as "First Notice of Loss." Aspen never received the August 2, 2023 email because CRC used an incorrect email address for Aspen.[5] In any event, August 2, 2023 was still months after the May 23 entry of default judgment against Light Up The Sky, LLC.

---

[3] A true and correct copy of the *Order On Plaintiffs' Motion For Default Judgment Against Defendant Light Up The Sky, LLC D/B/A Sporting Club Houston* is attached hereto and fully incorporated herein as **Exhibit B**.
[4] A true and correct copy of the *Email and attachments from CRC Group to Aspen dated September 8, 2023* is attached hereto and fully incorporated herein as **Exhibit C**.
[5] The correct fax number, email, and physical addresses for reporting a claim to Aspen are provided in the Policy, **Exhibit A**, at p. 82.

5

## V.  DECLARATORY JUDGMENT

17. A declaratory judgment action is appropriate in this matter because it will serve a useful purpose in clarifying and settling the legal relations at issue between Plaintiff and Defendants, and will terminate and afford relief from the uncertainty and controversy giving rise to this proceeding. Aspen reserves the right to amend its pleadings to assert additional policy provisions, arguments, or reasons that no coverage exist.

18. Aspen asks this Court to declare that it owes no duty to defend or indemnify Light Up The Sky, LLC and is not otherwise liable to any of the Defendants, nor has any obligation to perform under the Policy, for one or more of the reasons that follow.

19. The Aspen Policy contains both a Commercial General Liability Coverage Form and a Liquor Liability Coverage Form. Coverage under the Commercial General Liability Coverage Form is precluded by the following exclusion:

*          *          *

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

**(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or

**(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1), (2)** or **(3)** above.

However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

\* \* \*

20. The Liquor Liability Coverage Form contains, in part, the following Insuring Agreement, which establishes Aspen's contractual right to defend the insured against a "suit" and Aspen's contractual right to investigate and settle any claim or "suit":

\* \* \*

**SECTION I – LIQUOR LIABILITY COVERAGE**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or

furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages.

However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply.

We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result…

\* \* \*

21. Moreover, the Aspen Policy contains two Conditions sections that provide, in part, as follows:

\* \* \*

7

**SECTION IV – LIQUOR LIABILITY CONDITIONS**
...

**2. Duties In The Event Of Injury, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "injury" which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "injury" took place;
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any "injury".

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and
**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
**(2)** Authorize us to obtain records and other information;
**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of "injury" to which this insurance may also apply.
...

\*       \*       \*

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
...

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:
**(1)** Immediately record the specifics of the claim or "suit" and the date received; and
**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
**(2)** Authorize us to obtain records and other information;
**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
…

\*     \*     \*

22. Light Up The Sky, LLC breached the Policy by failing to comply with its contractual duties, including without limitation those duties in sections 2. a, b., and c. of the Conditions sections of the Policy set forth above. Light Up The Sky, LLC's breaches were material, and caused actual prejudice to Aspen. When an insured fails to give its liability insurer notice of a claim before the insured suffers an adverse judgment, as happened here, Texas law holds that the insurer is prejudiced as a matter of law because the insurer is wholly denied its ability to defend the lawsuit. Such a failure is not mere delay. It is in effect a complete failure to give the contractually required notice.

23. Light Up The Sky, LLC's material breaches caused Aspen to lose a valuable right – its contractual right to control the defense of Light Up The Sky, LLC against the Underlying Lawsuit. This is a fundamental right belonging to Aspen as set forth expressly in the Policy. Aspen's right to control the defense extends to all aspects of litigation, including without limitation the rights to perform an investigation, to seek contribution

from co-defendants, to seek facts in formal discovery, to pursue motion practice, to retain suitable experts, to examine witnesses, to negotiate a settlement or to proceed to trial. Light Up The Sky, LLC's material breaches caused Aspen to lose those rights entirely, resulting in a judgment against Light Up The Sky, LLC that Aspen had no opportunity to contest. An insurer's right to defend a case against its insured is an essential prerequisite to its obligation to pay a judgment rendered in that case. Due to Light Up The Sky, LLC's material breaches, which caused actual prejudice to Aspen, Aspen has no obligation to defend or indemnify Light Up The Sky, LLC against the Underlying Lawsuit, to pay any judgment rendered therein to any party, or to otherwise perform under the Policy.

24. In the alternative, should coverage under the Policy not be precluded for the reasons set forth above, Aspen respectfully requests that this Court declare that, pursuant to the following endorsement to the Policy, the limit of liability under the Liquor Liability Coverage Form of the Policy is $1,000,000 and that limit is eroded by the costs of defending Light Up The Sky against the Underlying Lawsuit.

\*         \*         \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ASSAULT & BATTERY HAZARD AND LIQUOR LIABILITY SUBLIMIT ENDORSEMENT**

**THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:**

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
LIQUOR LIABILITY COVERAGE FORM

10

In consideration of the premium charged, it is agreed that:

| **SUBLIMIT SCHEDULE** |
|---|
| Assault & Battery and Liquor Liability Sublimit of Liability: |
| $0 Each Occurrence |
| $1,000,000  Each  Common  Cause |
| Assault & Battery and Liquor Liability Sublimit of Liability: $1,000,000 |
| (Supplementary Payments are included in and erode the Assault & Battery and Liquor Liability Each Occurrence Limit, Each Common Cause Limit, and the Aggregate Limit) |

**(1)** **Section III – LIMITS OF INSURANCE** of the Commercial General Liability Coverage Form and the Liquor Liability Coverage Form are each amended to include the following:

The Assault & Battery and Liquor Liability Sublimit of Liability Aggregate Limit set forth in **SUBLIMIT SCHEDULE** above, is the most this policy will pay for the sum of all damages for which any insured is legally liable, and/or costs and expenses because of any "assault & battery hazard" or for "injury" under the Liquor Liability Coverage Form. The Assault & Battery and Liquor Liability Sublimit of Liability Aggregate Limit is the maximum amount we will pay for "assault & battery hazard" and for the Liquor Liability Coverage Form, regardless of the number of applicable coverage parts under this Policy.

All claims arising out of any "assault and battery hazard" or the Liquor Liability Coverage Form will erode the Assault & Battery and Liquor Liability Sublimit of Liability set forth above in **SUBLIMIT SCHEDULE**, and will not erode the limits of insurance under the Commercial General Liability Coverage Part.

**(2)**   Solely for the purposes of this Endorsement, "assault & battery hazard" includes all:
a. "Bodily injury" and "personal and advertising injury" under **COVERAGE A** and **COVERAGE B** of the Commercial General Liability Coverage Form; and
b. "Injury" under the Liquor Liability Coverage Form,
Provided that such "bodily injury", "personal and advertising injury" or "injury" is based upon, arises out of, directly or indirectly, in whole or in part, or in any way involves, or is caused by or contributed to by any insured's:
**(1)**   Use and/or failure to use reasonable force to protect persons or property;
**(2)**   Failure to prevent assault or battery; or
**(3)**   Improper or negligent hiring, employment, retention, training or supervision of your "employees" involving (1) or (2) above.

11

**(3)** **Section I – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph **2. Exclusions**, and **Section I – COVERAGE B PERSONAL AND ADVERTISING INJURY**, paragraph **2. Exclusions** are each amended to include the following exclusion:

This insurance does not apply to:

Coverage which is afforded under any other Coverage Part

**(4)** **Section I – LIQUOR LIABILITY COVERAGE**, paragraph **2. Exclusions** is amended to include the following exclusion:

This insurance does not apply to:

Coverage which is afforded under any other Coverage Part

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.**

\* \* \*

## VI. PRAYER

25. Pursuant to the provisions of Fed. R. Civ. Proc. 57 and 28 USC § 2201, et seq., Aspen respectfully requests that this Court declare the rights, status, and legal relations of the parties in connection with the facts set forth above, the Underlying Lawsuit, the Policy, and established law. Specifically, Aspen asks this Court for a declaration that it has no duty to defend or to indemnify any party against the Underlying Lawsuit under the Policy, to pay any judgment rendered therein to any party, or to otherwise perform under the Policy, alternatively, that the applicable limit of liability is $1,000,000 and is eroded by defense costs, and for its reasonable attorney fees and costs of court as are equitable and just; and for all other relief the Court deems appropriate.

Respectfully submitted,

**BROWN SIMS, P.C.**

_____
David Clay Wilkerson
Texas Bar No. 24010480
Federal ID No. 24138
*cwilkerson@brownsims.com*
Michael D. Williams
Texas Bar No. 21564330
Federal ID No. 6982
*mwilliams@brownsims.com*
Charles M. Kibler, Jr.
Texas Bar No. 24036900
Federal ID No. 3008441
*cmkibler@brownsims.com*
1990 Post Oak Boulevard
Suite 1800
Houston, Texas 77056
713.629.1580
713.629.5027 (facsimile)

**COUNSEL FOR ASPEN SPECIALTY INSURANCE COMPANY**